IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| **CARMEN JOHN PERRI**, an individual,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>**MOORE HOTEL INC,** a Washington corporation,<br><br>　　　　Defendant. | No.<br><br>COMPLAINT FOR DECLARATORY AND, INJUNCTIVE RELIEF, CIVIL MONETARY PENALTIES, AND OTHER EQUITABLE RELIEF |

Plaintiff, **CARMEN JOHN PERRI**, ("Plaintiff"), by and through his attorney, Dan N. Fiorito III, for his complaint against **MOORE HOTEL INC,** a Washington corporation, states as follows:

## INTRODUCTION

1. For more than 25 years, the Americans with Disabilities Act ("ADA") has required that individuals with disabilities be provided full and equal access to the goods, services and facilities provided by hotel owners and operators.

2. This mandate requires places of lodging to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms.

3. Defendant owns and/or operates the Moore Hotel (the "Hotel" or the "Subject Property"), and, as part of those operations, provides hotel customers online reservations services via its website (hereinafter the "Website" which shall refer to moorehotel.com and any other website

---

**Complaint**

**The Law Office of Dan N. Fiorito III**
844 NW 48th Street
Seattle, WA 98107
206-299-1582

Page 1

operated by, controlled by, or acting at the direction of Defendant directly, or through contractual, licensing, or other arrangements, for the purposes described herein).  Defendant's Website reservations systems fail to provide information about the accessible features of the Hotel and its rooms to persons with disabilities.

4. As such, Defendant has failed to make its reservations services fully and equally accessible to individuals with disabilities, thereby denying those individuals the same benefits and privileges afforded to guests without disabilities.

5. Each of Defendant's violations of Title III of Americans With Disabilities Act, 42 U.S.C. §§ 12181, et seq., 28 CFR § 36.302(e)(1) et seq. ("ADA") is likewise a violation of the Unruh Act.  Indeed, the Unruh Act provides that any violation of the ADA constitutes a violation of the Unruh Act.  Cal. Civ. Code § 51(f) (the ADA and UCRA are referred to herein collectively as "Disability Access Laws").

6. For more than 28 years, the ADA and the Unruh Act have required that individuals with disabilities be provided full and equal access to the goods, services and facilities provided by hotel owners and operators.

7. However, the hospitality industry has been slow to respond, or has failed to respond, to the needs of disabled travelers.  *See e.g.* Consent Decree in *United States of America v. Hilton Worldwide Inc., No. 10 1924* (entered November 29, 2010)(Resolving Complaint by the United States alleging in part that Hilton systemically, and across its various brands, "fails to provide individuals with disabilities the same opportunity to reserve accessible guestrooms using its on-line … reservations systems" and "failed to provide accurate, reliable information about its accessible sleeping rooms and amenities throughout its reservations system" and that "individuals with disabilities are unable to reserve, on-line, accessible sleeping accommodations with either a tub or a roll-in shower"); Settlement Agreement *United States of America and Motel 6 Operating L.P., DJ# 202-73-5*(entered August 12, 2004 and extended January 19, 2006)(Resolving allegations the Motel 6 online reservation system was inadequate and securing in part the agreement of Motel 6 that it would, for its internet reservation systems, "provide service to individuals who request accessible rooms that

**Complaint**                                               **The Law Office of Dan N. Fiorito III**
                                                            844 NW 48th Street
                                                            Seattle, WA 98107
                                                            206-299-1582

Page 2

is equivalent to that provided to individuals who seek to reserve standard rooms.").

8. Eventually, in response to many complaints received by the Department of Justice, Civil Rights Division ("DOJ"), typically by individuals who reserved an accessible hotel room only to discover upon arrival that the room they reserved is not accessible, the DOJ took action, issuing its Notice of Proposed Rulemaking, 73 FR 34508 (June 17, 2008)("NPRM").

9. After a notice and comment period, with input primarily from individuals with disabilities, hotels, resort developers, travel agencies and organizations commenting on their behalf, the DOJ published Section 36.302(e) with detailed requirements for hotel reservations services. In short, the DOJ required that hotels must make reasonable modifications to reservations policies, practices, or procedures when necessary to ensure that individuals with disabilities can make reservations for accessible guest rooms during *the same hours and in the same manner* as individuals who do not need accessible rooms and that they must identify and describe *accessible features in the hotels and guest rooms* offered through its reservations service *in enough detail* to reasonably permit individuals with disabilities to *assess independently whether a given hotel or guest room* meets *his or her accessibility needs*. 28 CFR § 36.302(e)(1)(i)-(ii)(*emphasis added*).

10. The Final Rule on Nondiscrimination on the Basis of Disability by Public Accommodations, including the hotel reservations requirements above, was published on September 15, 2010 in the Federal Register. While the Final Rule generally took immediate effect, the hotel reservations component did not. The DOJ observed: "As with hotels, the Department believes that within the 18-month transition period these reservations services should be able to modify their systems to ensure that potential guests with disabilities who need accessible rooms can make reservations during the same hours and in the same manner as those who do not need accessible rooms." Accordingly, to accommodate the needs of industry, the hotel reservations requirements of 28 CFR § 36.302(e)(1) did not become effective until after an 18-month transition period, or until March 15, 2012. 28 CFR § 36.302(e)(3).

11. The ADA's hotel reservations requirements were six years old on March 15, 2018.

**Complaint**                                                      The Law Office of Dan N. Fiorito III
                                                                    844 NW 48th Street
                                                                    Seattle, WA 98107
                                                                    206-299-1582

Page 3

Yet, the problem the DOJ sought to address through its reservations regulations is as bad as ever. So bad, that in 2017 the private start-up company AbiliTrek launched. AbiliTrek describes its mission as follows:

> "AbiliTrek, like many other companies, began as an innovative idea; AbiliTrek is geared toward bettering the travel experience for people with disabilities. **Currently, the travel industry lacks the information needed for travelers with disabilities. This makes traveling a daunting and exhausting task for many in the disability community**. AbiliTrek was created as a fundamental resource for any traveler with a disability. **AbiliTrek's goal is to counteract the current state of the travel industry** and make traveling with a disability a fulfilling experience" AbiliTrek Updates posted December 31, 2017. https://abilitrek.com/wrapping-up-2017-our-end-of-year-review-package/. (Emphasis added).

12. Defendant is part of the problem addressed by the hotel reservations provisions of the ADA and private firms like AbiliTrek.

13. As a result of Defendant's violations of law, and to correct them, Plaintiff seeks statutory damages where available, declaratory relief and injunctive relief establishing that Defendant has engaged in violations of the ADA and the Unruh Act and requiring Defendant to comply with the Unruh Act by providing individuals with disabilities the ability to independently make reservations for accessible guest rooms in the same manner as individuals who do not need accessible rooms including the identification and description of the accessible features in the Defendant's hotel and the guest rooms offered through Defendant's service sufficient to ensure that individuals with disabilities receive the information they need to benefit from the services offered by Defendant.

## JURISDICTION AND VENUE

14. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12181, as Plaintiff's claims arise under Title III of the ADA, 42 U.S.C. § 12181, *et seq.*, and 28 U.S.C. § 1332.

15. This court has supplemental jurisdiction over Plaintiff's non-federal claims pursuant to 28 U.S.C. § 1367, because Plaintiff's Unruh Act claims are so related to Plaintiff's federal ADA claims, they form part of the same case or controversy under Article III of the United States

**Complaint**                                                                                        **The Law Office of Dan N. Fiorito III**
                                                                                                     844 NW 48th Street
                                                                                                     Seattle, WA 98107
                                                                                                     206-299-1582

Page 4

Constitution

16. This Court has personal jurisdiction over Defendant because it is deemed a resident of the State of Washington and it conducts and continues to conduct a substantial and significant amount of business in the State of Washington.

17. Venue is proper in the Western District of Washington pursuant to 28 U.S.C. §1391(b)(1) because Defendant resides in this District and this Court has personal jurisdiction over Defendant.

**PARTIES**

18. Plaintiff, at all times relevant and as alleged herein, is a resident of California, County of Los Angeles. Plaintiff is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, ambulating, sitting, and grasping objects. As a result of these disabilities, Plaintiff relies upon mobility devices at times to ambulate. At the time of Plaintiff's attempt to make room reservations at Defendant's hotel and prior to instituting this action, Plaintiff suffered from a "qualified disability" under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12102(2) and the regulations implementing the ADA set forth at 28 C.F.R. §§ 36.101 *et seq*.

19. As a result of Plaintiff's disability, he requires an accessible room to utilize the goods, services and facilities provided by Defendant

20. Plaintiff is a tester in this litigation and a consumer who wishes to access Defendant's good and services. Plaintiff is being deterred from patronizing the Defendant's hotel on particular occasions but intends to return to the Website for the dual purpose of availing himself of the goods and services offered to the public and to ensure that Defendant ceases evading its responsibilities under federal and state law.

21. . Plaintiff is informed and believes, and upon such information and belief alleges, that Defendant is a business of unknown form with its Moore Hotel (the "Subject Property" and/or the "Hotel") located in Seattle, Washington. Defendant's hotel location constitutes a place of public accommodation. Defendant's location provides to the public important goods and/or services. Defendant also provides to the public the Website. The Website provides access to the array of services, including descriptions of its hotel,

**Complaint**  The Law Office of Dan N. Fiorito III
844 NW 48th Street
Seattle, WA 98107
206-299-1582

Page 5

rooms and services, the ability to make room reservations, and many other benefits related to these facilities and services.  The hotel location is a public accommodation within the definition of Title III of the ADA, 42 U.S.C. § 12181(7) and is likewise a "business establishment" within the meaning of the Unruh Act.  The Website is a service, privilege, and advantage of Defendant's hotel locations and services. The Website is a service that is by and integrated with this location.

## FACTUAL ALLEGATIONS

22. As part of its operations, Defendant provides the public access to reservations services, including but not limited to the ability to make reservations online at the Website.

23. Within the applicable limitations period, on or about December 13, 2018, Plaintiff visited the Website, to view the accessible features in the hotel and guest rooms of the Defendant's hotel.

24. Plaintiff desired to visit a hotel in the Seattle area, which he planned to visit on December 17, 2018 through December 20, 2018. As a result of his disabilities, Plaintiff required information about the features of the accessible rooms and the hotel to independently make a reservation.  The information required by Plaintiff was unavailable so Plaintiff could not make a reservation for an accessible room or suite using the Website in the same manner as individuals who do not need accessible rooms.

25. Plaintiff was unable to independently identify the material accessible features of the hotel and guest rooms of the hotel owned and operated by Defendant.  The description of the accessible rooms and features of the hotel is substantially limited to the following vague, ambiguous, cursory and inadequate (for Plaintiff's purposes) information:

   a. On the homepage of www.moorehotel.com, there is a general description of the Hotel's location and features; however, none of the information provided relates to accessibility as required by Disability Access Laws.

   b. There is a section labeled "Rooms" which offers photos, a description, and a "Book Now" link for each of the Hotel's four room options; however, none of the information provided

relates to accessibility as required by Disability Access Laws.

    c.    There is a link labeled "FAQ" which offers a list of the hotel's most frequently asked questions; however, none of the questions listed pertain to accessibility as required by Disability Access Laws.

    d.    Remaining links from the homepage do not contain information regarding accessibility as required by Disability Access Laws.

    e.    When attempting to make a reservation, Plaintiff was unable to book a room because he was unable to find any information or room option pertaining to accessibility as required by Disability Access Laws.

26.    An investigation performed on Plaintiff's behalf confirmed the allegations made by Plaintiff above.

27.    On information and belief, Plaintiff also alleges Defendant currently has no policy to ensure that:

    a.    Accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;

    b.    Accessible guest rooms or specific types of guest rooms may be reserved on request and ensuring that the guest rooms requested are blocked and removed from all reservations systems;

    c.    The specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others; and

    d.    The Subject Property provides the statutorily required minimum number of accessible rooms and accessible room types and that the accessible rooms available, if any, are distributed among the types of rooms available at the Subject Property so as to provide equal access to the Subject Property by persons with disabilities.

**Complaint**

Page 7

28.     Plaintiff has been, and in the absence of an injunction will continue to be, injured by Defendant's policy and practice of failing to make reasonable modifications to its reservations policies practices and procedures applicable to its reservations service offered online on the Website so as to allow individuals with disabilities the ability to make reservations for accessible guest rooms in the same manner as individuals who do not need accessible rooms including the identification and description of the accessible features in the Defendant's hotel and the guest rooms sufficient to ensure that individuals with disabilities receive the information they need to benefit from the services offered by Defendant.

29.     Given the obvious and blatant violation alleged hereinabove, Plaintiff alleges, on information and belief, that there are other violations of 28 CFR § 36.302(e), the ADA and the Unruh Act, that relate to Plaintiff's disabilities.  Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, after discovery.  However, Defendant is hereby on notice that Plaintiff seeks to have all barriers related to their disabilities remedied.  *See Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008).

## COUNT I

## [VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT]

30.     Plaintiff re-alleges and incorporates by reference all paragraphs alleged above and each and every other paragraph in this Complaint necessary or helpful to state this cause of action as though fully set forth herein.

31.     Plaintiff is an individual with a disability under the ADA. 42 U.S.C. § 12102(1)(A).

32.     Title III of the ADA prohibits discrimination against individuals with disabilities in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation. 42 U.S.C. § 12182(a).

33.     Defendant operates online reservations systems through the Website within the meaning of the ADA. 42 U.S.C. § 12181(3) and (4).

**Complaint**                                                                                    The Law Office of Dan N. Fiorito III
                                                                                                                 844 NW 48th Street
                                                                                                                 Seattle, WA 98107
                                                                                                                 206-299-1582

Page 8

34. For reservations systems, Defendant must meet the requirements of the ADA as set forth in 28 CFR § 36.302(e)(1) et seq.:

(e)(1) Reservations made by places of lodging. A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party—

(i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;

(ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;

(iii) Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;

(iv) Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and

(v) Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.

35. Moreover, by failing to provide accessible reservations services, Defendant has engaged, directly, or through contractual, licensing, or other arrangements, in illegal disability discrimination, as defined by Title III, including without limitation:

a) denying individuals with mobility disabilities opportunities to participate in and benefit from the goods, services and facilities available at Defendant's Hotel;

b) affording individuals with mobility disabilities unequal access to goods, services or facilities;

c) utilizing methods of administration that (i) have the effect of discriminating on the basis of disability; or (ii) perpetuating the discrimination of others who are subject to common

**Complaint**

The Law Office of Dan N. Fiorito III
844 NW 48th Street
Seattle, WA 98107
206-299-1582

Page 9

administrative control;

    d)    Failing to make reasonable modifications in policies, practices, or procedures where necessary to afford services, privileges, advantages, or accommodations to individuals with mobility disabilities.

36. Defendant's ongoing and continuing violations of Title III have caused, and in the absence to an injunction will continue to cause harm to Plaintiff.

## COUNT II

**[VIOLATION OF THE UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51 *et seq.*]**

37. Plaintiff re-alleges and incorporates by reference all paragraphs alleged above and each and every other paragraph in this Complaint necessary or helpful to state this cause of action as though fully set forth herein.

38. California Civil Code § 51 *et seq.* guarantees equal access for people with disabilities to the accommodations, advantages, facilities, privileges, and services of all business establishments of any kind whatsoever. Defendant is systematically violating the UCRA, Civil Code § 51 *et seq*.

39. The Unruh Act guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever. Defendant is systematically violating the UCRA, Civil Code § 51 *et seq*.

40. The Unruh Act provides, inter alia, that a violation of the ADA, 42 U.S.C. §§ 12101, et seq., also constitutes a violation of the Unruh Act. Cal. Civ. Code § 51(f).

41. Defendant's discriminatory conduct alleged herein includes, inter alia, the violation of the rights of persons with disabilities set forth in Title III of the ADA and therefore also violates the Unruh Act. Cal. Civ. Code § 51(f).

42. The actions of Defendant were and are in violation of the Unruh Act, California Civil

**Complaint**

Code §§ 51, et seq. Plaintiff is aware of Defendant's unlawful actions, and this knowledge of discrimination has deterred Plaintiff from attempting to access and use Defendant's reservations service and hotel on several occasions. Therefore, Plaintiff is entitled to injunctive relief remedying the discrimination pursuant to California Civil Code § 52. Unless the Court enjoins Defendant from continuing to engage in these unlawful practices, Plaintiff will continue to suffer irreparable harm.

43.   Plaintiff is also entitled to statutory minimum damages pursuant to California Civil Code § 52 for each and every offense in violation of the Unruh Act. Cal. Civ. Code § 52(a), and so Plaintiff requests relief as set forth below.

## COUNT III

### [DECLARATORY RELIEF ON BEHALF OF PLAINTIFF]

44.   Plaintiff re-alleges and incorporates by reference all paragraphs alleged above and each and every other paragraph in this Complaint necessary or helpful to state this cause of action as though fully set forth herein.

45.   An actual controversy has arisen and now exists between the parties in that Plaintiff contends, and is informed and believes that Defendant denies, that by failing to provide a reservations service through the Website that allows persons with mobility impairments to independently identify accessible features of Defendant's hotel and rooms and to independently reserve accessible rooms in the hotel Defendant fails to comply with applicable laws, including but not limited to Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, et seq. and California's Unruh Act, California Civil Code §§ 51-52.

46.   An actual controversy has arisen and now exists between the parties in that Plaintiff contends, and is informed and believes that Defendant denies, that by failing to comply in all respects with 28 CFR § 36.302(e)(1) et seq. Defendant fails to comply with applicable laws, including but not limited to Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, et seq. and California's Unruh Act, California Civil Code §§ 51-52.

47.   A judicial declaration is necessary and appropriate at this time in order that each of

the parties may know their respective rights and duties and act accordingly and so Plaintiff requests relief as set forth below.

## PRAYER FOR RELIEF

**WHEREFORE, Plaintiff prays for judgment against Defendant, as follows:**

1. A preliminary and permanent injunction enjoining Defendant from further violations of the Americans with Disabilities Act, 42 U.S.C. § 12188(a)(2), 28 CFR § 36.302(e)(1) et seq., and the Unruh Act, Civil Code § 51 *et seq.* requiring Defendant to take the steps necessary to ensure that Defendant's maintain and implement policies and procedures:

   a. Allow persons with mobility impairments to independently identify accessible features of Defendant's hotel;

   b. Allow persons with mobility impairments to independently reserve accessible rooms in the hotel;

   c. Hold reserved accessible rooms for use by persons with mobility impairments;

   d. Block and remove reserved accessible rooms from all reservations systems;

   e. Guarantee that the specific accessible guest room reserved is held for that reserving customer, regardless of whether a specific room is held in response to reservations made by others; and

   f. Guarantee the Subject Property includes at least the minimum statutorily required number of accessible rooms and accessible room types and that those rooms are distributed throughout the Subject Property in compliance with applicable laws.

   g. If any of the preceding conditions are not implemented within 120 days of service of the Summons and Complaint, Defendant shall cease accepting any and all reservations via the Website that are processed in an unlawful and discriminatory manner, including those that violate 28 CFR § 36.302 (e), until Defendant can show that its reservations service has been brought into compliance with applicable laws.

**Plaintiff is not invoking section 55 of the California Civil Code and is not seeking**

---

**Complaint**                                         The Law Office of Dan N. Fiorito III
                                                      844 NW 48th Street
                                                      Seattle, WA 98107
                                                      206-299-1582

Page 12

**injunctive relief under the Disabled Persons Act**;

2. A declaration that since March 15, 2012, Defendant discriminated against persons with mobility impairments by failing to ensure that Defendant's reservations service offered through the Website allowed persons with mobility impairments to independently identify accessible features of Defendant's hotel and rooms and independently reserve accessible rooms in the hotel, and that Defendant did not comply with the requirements of 28 CFR § 36.302(e)(1) et seq. in violation of Title III of the ADA, 42 U.S.C. §§ 12181, et seq., 28 CFR § 36.302(e)(1) et seq., and California's Unruh Act, California Civil Code §§ 51-52.;

3. Statutory damages pursuant to California Civil Code § 52(a), for each and every violation of law.

4. For attorneys' fees and expenses pursuant to all applicable laws including, without limitation, Civil Code § 52(a);

5. An order awarding Plaintiff's post-judgment interest; and

6. For such other and further relief as this Court deems just and proper.

DATED this 31st day of January 2019

s/ Dan Fiorito
Dan N. Fiorito, WSBA No. 34009
Counsel for Plaintiff
844 NW 48th Street
Seattle, WA 98107
PHONE: 206-299-1582
FAX: 206-770-7590
Email: dan@danfiorito.com

**Complaint**  The Law Office of Dan N. Fiorito III
844 NW 48th Street
Seattle, WA 98107
206-299-1582

Page 13